IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CONEISHA HOLIDAY**                                                                       **PLAINTIFF**

**v.**                                                                      **CAUSE NO. 3:11-cv-202-CWR-FKB**

**CITY OF JACKSON, MISSISSIPPI, et al.**                                          **DEFENDANTS**

<u>**MEMORANDUM ORDER**</u>

Before the Court is a motion for summary judgment by the City of Jackson, Mississippi ("the City), Rebecca Coleman, and Corliss Harris. Docket Nos. 88, 89. The matter is fully briefed and is ready for review. The motion is GRANTED IN PART AND DENIED IN PART.

**I. Factual and Procedural History**

On March 30, 2011, Connell Lindsey was fatally shot by Jackson Police Officer Corliss Harris. The shooting occurred as Harris responded to a disturbance call at a local convenience store. The parties, however, present very different accounts of the events and circumstances that led Harris to use deadly force, causing Lindsey's death.

According to the defendants, Lindsey spent the day feuding with the store's owner, Jaswant Singh. Upon arriving at the scene, Harris witnessed a confrontation between Lindsey and Singh. Both were armed: Singh, with a baseball bat, and Lindsey, with a knife or box cutter. Harris contends that he told Lindsey to drop his weapon, but that Lindsey did not comply with his order and instead lunged at the store owner. It was in this moment, Harris says, that he made a split-second decision to fire at Lindsey, fatally wounding him.

The plaintiff, Coneisha Holiday, filed this lawsuit on behalf of herself and Lindsey's estate, seeking damages for violation of Lindsey's Fourth and Fourteenth Amendment rights, and for violation of his civil rights, under 42 U.S.C. § 1983. She disputes the defendants' version of

events. Specifically, she contends that Lindsey complied with Harris's order to drop his weapon, and that Singh retreated to his store before Harris shot Lindsey. She further alleges that the City has failed to properly enforce its own written policies regarding use of deadly force, in violation of Lindsey's constitutional rights.

Both Harris and the City of Jackson have moved for summary judgment. They claim that Harris is entitled to qualified immunity and that the plaintiff cannot establish that the City has a custom, policy, or practice of excessive use of deadly force or that an unconstitutional policy was the "moving force" behind Lindsey's death.

For the reasons stated below, the motion is granted in part and denied in part.

## II. Legal Standard

*a. Summary Judgment*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citations omitted), but

unsubstantiated assertions are not competent summary judgment evidence, *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

*b. Qualified Immunity*

Qualified immunity "protects government officials 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A two-part test is used to determine whether an officer is entitled to qualified immunity. *See, e.g.*, *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 621 (5th Cir. 2006). The Court must determine "(1) whether an official's conduct violated the plaintiff's constitutional rights, and (2) whether the right violated was clearly established at the time of the violation." *Poole v. City of Shreveport*, 691 F.3d 624, 637 (5th Cir. 2012) (citing *Pearson*, 555 U.S. at 232). The Court has discretion to decide which prong of the test should be answered first. *Id.* at 637-38.

### III. Law and Analysis

*a. Claims against Officer Harris*

There are genuine disputes of material fact regarding the circumstances under which Cornell Lindsey was fatally shot, and whether Officer Harris's use of deadly force was clearly unreasonable under the circumstances. *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012). The plaintiff and the defendants present substantially different versions of the circumstances facing Harris on March 30. Both versions, however, are supported by admissible evidence. The defendants urge this Court to disregard the plaintiff's evidence as "unreliable." But, as the parties are aware, "any credibility determination made between the officers' and [the plaintiff's] version of events is inappropriate for summary judgment." *Tarver v. City of Edna*, 410 F.3d 745, 753

(5th Cir. 2005). "While the trier of fact might ultimately conclude that qualified immunity is warranted because reasonable officers could disagree . . . this decision should not be made at the summary judgment stage." *Id. See also Honore v. Douglas*, 833 F.2d 865, 567 (5th Cir. 1987) ("It is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. Those are functions for the trier of fact."); *Chacon v. York*, 434 Fed. App'x 330, 332-33 (5th Cir. July 20, 2011) (unpublished) (reversing district court's grant of summary judgment in Section 1983 excessive force action where district court improperly credited deputy's version of events).

And, viewing the evidence in the light most favorable to the plaintiff, the Court must conclude that she has demonstrated a violation of constitutional rights that were clearly established at the time of the shooting. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("A police officer may not seize an unarmed, nondangerous suspect by shooting him dead."); *see also Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 488 (5th Cir. 2001) ("[D]eadly force violates the Fourth Amendment *unless* 'the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others.'") (quoting *Garner*, 471 U.S. at 11) (emphasis in original). Accordingly, the claims against Officer Harris survive.[1]

*b. Claims against the City*

A plaintiff may hold a municipality liable for deprivations of constitutional rights undertaken pursuant to municipal policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91

---

[1] The City filed a supplemental motion for summary judgment, Docket No. 102, arguing that Corliss Harris is entitled to qualified immunity in light of the Fifth Circuit's ruling in *Tolan v. Cotton*, 713 F.3d 299 (2013). The City fails, however, to present its arguments having taken the facts in the light most favorable to the plaintiff "as they must be on summary-judgment review." *Id.* at 301. As noted in the text, the Court finds that there are genuine disputes presented regarding the facts and circumstances facing Corliss Harris as he arrived on the scene the day that Lindsey was killed. Unless the City is prepared to present summary judgment arguments which acknowledge that dispute, *Tolan* cannot change the Court's analysis. The supplemental motion, therefore, will be denied.

(1978). For purposes of § 1983 liability, an official policy is "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Brown v. Bryan Cnty., Okla.*, 219 F.3d 450, 457 (5th Cir. 2000) (citations and quotation marks omitted) (alternation in original). An official policy is also found where "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.* Before the municipality is found culpable, the plaintiff must also provide "evidence that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Id.* More than negligence, deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.*

The plaintiff in this case has failed to produce any evidence identifying an official policymaker that promulgated the City's allegedly unconstitutional policies. Although she names Jackson's former Chief of Police, Rebecca Coleman, as a defendant, the plaintiff does not direct the Court to any evidence in the summary judgment record that Coleman was an official policymaker. Accordingly, she has failed to establish an essential element of her claim. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1246-47 (5th Cir. 1993).

Even if an official policymaker were identified, it is still not clear that Holiday could establish a violation under *Monell*. As she concedes, the City has no affirmative policy of violating the constitutional rights of citizens who encounter its police officers. Docket No. 95, at 13. Therefore, Holiday must establish liability by showing that the City failed to train or to

supervise its police officers, or that there was a custom of unconstitutional behavior which fairly represents City policy.

i. Failure to Supervise or to Train

"In a § 1983 claim for failure to supervise or train, the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quotation marks and citation omitted). "To establish deliberate indifference, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.*

The plaintiff's allegation regarding a failure to train, or to supervise, rests on an expert report prepared by Robert Johnson, the City's former Chief of Police.[2] Johnson opines that the City was negligent in its supervision of Harris based on his finding that 26 complaints had been entered in Harris's personnel file since 1999. Johnson's report acknowledges that Harris received training in the use of firearms, but it contends that this training was deficient, in light of the history of complaints against him, because the City failed to show that Harris "had any significant training in when and what type of force is necessary or appropriate under the

---

[2] Johnson's affidavit was originally submitted to the Court unsigned and with missing pages. Docket No. 98. For the purposes of this analysis, the Court relies on Johnson's complete affidavit, submitted on May 31, 2013.
Further, the Court notes that the Defendants' have filed a motion to Exclude Robert Johnson as an expert witness. Docket No. 90. The motion does not contend that Johnson is unqualified. Rather, it contends that Johnson's testimony "is not based on any discernible training in or use of a scientific methodology" suitable to making determinations regarding Officer Harris's disciplinary history, or the reasonableness of Harris's shooting of Connell Lindsey. The Court has reviewed Mr. Johnson's curriculum vita and report, Docket Nos. 92-1; 92-2; 92-3, and finds that he possesses the requisite "knowledge, skill, experience, training or education" to qualify as an expert under Federal Rules of Evidence 702. *Thomas v. City of Monroe*, 157 F.3d 901, *5 (5th Cir. Aug. 19, 1998) (unpublished). Therefore, the motion to exclude will be denied, to the extent that it seeks to prevent Mr. Johnson from testifying as an expert witness.

circumstances." Docket No. 104, at 6. Johnson concludes "Had there been any meaningful intervention somewhere along the line, it is unlikely that this shooting would have occurred." *Id.*

Citing *Goodman*, the City argues that Holiday has failed to present sufficient admissible evidence in support of her failure to train claim. It contends that Holiday has not attempted to establish a pattern of alleged violations that could lead a reasonable jury to conclude that the City was deliberately indifferent. It further argues that Holiday has not demonstrated that a lack of training caused the alleged constitutional deprivation.

The Court finds that Holiday cannot establish deliberate indifference on this record. Holiday must generally be able to demonstrate a pattern of similar violations that support her failure to train claim. *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 381 (5th Cir. 2010). (quotation marks and citations omitted) "The prior acts must be fairly similar to what ultimately transpired and, in the case of excessive use of force, the prior act must have involved injury to a third party." *Id.*

Holiday relies exclusively on the Johnson affidavit to demonstrate this pattern. Johnson avers to 26 different complaints regarding Harris's conduct. The severity of those complaints, however, varies to include allegations that range from "conduct unbecoming an officer" to "excessive use of force" and "unnecessary use of force." Docket No. 104, at 5.

Johnson described only one complaint against Harris that involved the fatal shooting of a suspect. In that case, identified by Johnson as Case No. 264-02, Harris was exonerated of any charges related to the shooting itself, but he was found to have violated police department policy when he forcibly opened the door of the motel room where the suspect had barricaded himself. The police department disciplined him for violating the policy on "Barricaded Suspect(s)" by written reprimand.

To show deliberate indifference through this incident alone, Holiday "must prove that the highly predictable consequence" of failing to train Harrison on the City's Barricaded Suspects policy "would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." *Sanders-Burns*, 594 F.3d at 381 (quotation marks and citation omitted). Accordingly, the events and circumstances relating to Case No. 264-02 do not provide sufficient similarity to the case at hand, such that they might show deliberate indifference to a lack of training or supervision under *Sanders-Burns*.

Several distinctions lead the Court to this conclusion. Johnson's report shows that Harris's conduct was supervised: the police department investigated both the complaint related to the shooting and the reported violation of the Barricaded Suspects policy. Further, there was no reason for the police department to believe that failing to provide Harris with additional training on its Barricaded Suspects policy created a high probability of future constitutional violations relating to the use of deadly force. Harris was cleared of any wrongdoing related to his use of deadly force, and the violation that was found—a violation of the Barricaded Suspects policy—bears no similarity to the violation that is at issue in the present case. Therefore, the plaintiff has not shown a causal link between the alleged failure to train or to supervise, and the fatal shooting of Lindsey. For these reasons, summary judgment will be granted on Holiday's failure to train and failure to supervise claims.

ii. Custom

The plaintiff's allegation that the City's police department had a custom of using excessive force rests on a summary itemization that documents every officer-on-suspect shooting investigated by Internal Affairs between 2008 and 2011 (19 cases total). According to the summary, all but one of these investigations resulted in exoneration, including four cases

involving deaths. On this evidence alone, plaintiff contends that the City has a custom of overlooking the use of excessive force by police officers.

To establish this claim, Holiday must "provide context that would show a pattern of establishing a municipal policy." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (2009). But Holiday has not provided this Court with a record that, taken as a whole, would "support a legal conclusion that the City maintained an official policy of condoning excessive force." *Id.* at 852. She has not, for example, provided evidence that the 19 cases should be considered a pattern, relative to the department's size. Nor has she given the Court any reason to doubt the City's vigilance in investigating these incidents, where only one officer was found to have engaged in foul play. *But cf. Id.* ("[T]hat only four of the 27 complaints were 'sustained' after investigation may tilt in [the plaintiff's] favor. Nevertheless, even assuming error in the unsustained investigations, the record as a whole will not support a legal conclusion that the City maintained an official policy of condoning excessive force."). Accordingly, the Court finds that the 19 cases do not "show a pattern establishing a municipal policy" of using excessive force. *Id.* at 851. On this record, therefore, the City is entitled to summary judgment.

### IV. Conclusion

For the reasons explained above, the Defendants' motion is GRANTED IN PART AND DENIED IN PART. Summary judgment is GRANTED on Holiday's claims against the City of Jackson, but is DENIED on Holiday's claims against Corliss Harris. The Defendants' motion to exclude the expert witness and its supplemental motion are both DENIED.

**SO ORDERED**, this 23rd day of July, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE